# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 Proceedings |
| | ) | |
| BCB CONTRACTING SERVICES, LLC, | ) | Case No.: 2:19-bk-15555-DPC |
| | ) | |
| | ) | **ORDER GRANTING MOTION FOR SANCTIONS UNDER § 105(a) AND RULE 9011(c) AGAINST ATTORNEY BRIAN K. STANLEY** |
| Debtor. | ) | |
| | ) | |
| | ) | (Not for Publication – Electronic Docketing ONLY)[1] |

Before this Court is the chapter 7 trustee's, Anthony Mason ("Trustee"), Motion for Sanctions Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9011(c)[2] ("Sanctions Motion") against attorney Brian K. Stanley ("Stanley"), BCB Contracting Services, LLC ("Debtor"), BCB Excavating Services, LLC ("BCB Excavating"), Philip Holbrook ("Mr. Holbrook"), and Barbara Holbrook ("Mrs. Holbrook," together with Mr. Holbrook, the "Holbrooks"). Creditor Payam D. Khoshbin ("Khoshbin") filed a Joinder in the Trustee's Sanctions Motion.[3] Stanley filed a Response[4] in opposition to the Sanctions Motion on behalf of himself, the Holbrooks, and BCB Excavating. The Trustee filed a Reply.[5]

Because the Court approved a settlement agreement[6] between the Trustee, Debtor, BCB Excavating, and the Holbrooks, the Trustee no longer seeks sanctions against

---

[1] This decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. ("Rule") 7052. Pursuant to Rule 9014(c), Rule 7052 is applicable to this contested matter.
[2] DE 143. "DE" references a docket entry in the administrative proceeding in chapter 7 case 2:19-bk-15555-DPC.
[3] DE 148.
[4] DE 149.
[5] DE 157.
[6] DE 260, Settlement Agreement; DE 274, Order Approving Settlement Agreement.

Debtor, BCB Excavating, or the Holbrooks. The Sanctions Motion remains outstanding as to Stanley.

The Court held an evidentiary hearing on the Sanctions Motion on July 15, 2021 (the "Evidentiary Hearing"). On August 6, 2021, the parties filed post-trial briefs.[7] The Court then took the matter under advisement. The Court now grants the Motion for Sanctions against Stanley.

## I. BACKGROUND

The following facts were stipulated to by the Trustee and Stanley[8]:

1. On or about May 15, 2012, Debtor was organized as a limited liability company in the State of Arizona.

2. On or about July 26, 2012, Mrs. Holbrook became a member of Debtor.

3. On or about December 22, 2016, Mrs. Holbrook became the sole member of Debtor and no person, other than Mrs. Holbrook, was a member of Debtor thereafter.

4. At all material times, the Holbrooks were a married couple.

5. Approximately nine months before filing Debtor's December 11, 2019 ("Petition Date") bankruptcy petition, Mrs. Holbrook resigned her membership interest in Debtor.

6. On or about March 27, 2019, Mrs. Holbrook submitted to the Arizona Corporation Commission ("ACC") an Amendment to Articles of Organization reflecting her removal as a member of Debtor.

7. A "General Commercial A. General Engineering" license (license number ROC 281204) was held by Debtor. Mr. Holbrook was the sole qualifying party on that license at all material times. The license was suspended on or about October 10, 2019.

---

[7] DE 316, Khoshbin's Post-Trial Brief; DE 317, Trustee's Post-Trial Brief; DE 318, Stanley's Post-Trial Brief.
[8] At the Evidentiary Hearing, Stanley stipulated to the facts contained in the Unilateral Pretrial Statement which the Trustee filed at DE 288.

Mrs. Holbrook applied for renewal of Debtor's contractor's license on or around September 29, 2020.[9]

8. On or about June 13, 2018, BCB Excavating was organized as a limited liability company in the State of Arizona.

9. A "General Commercial A. General Engineering" license (license number ROC 323621) was first issued to BCB Excavating on or about February 19, 2019. Mr. Holbrook was and is the sole qualifying party on that license. The license remained active as of the date the Evidentiary Hearing.

10. In November and December 2019, one of Debtor's judgment creditors obtained, by garnishment, funds in Debtor's bank account totaling $252.41.

11. As of the Petition Date, Debtor was insolvent and was subject to at least two outstanding unsatisfied judgments totaling $275,866.74.

12. Trustee is the duly appointed chapter 7 trustee of Debtor's bankruptcy estate ("Bankruptcy Estate").

13. Stanley, a single man, is an attorney licensed in the State of Arizona. He represented Debtor in *BCB Contracting Services, LLC v. Payam D. Khosbin*, CV 2017-014105, which was filed on or about October 23, 2017 in the Arizona Superior Court, Maricopa County ("State Court Action").

14. Mrs. Holbrook signed, as Debtor's sole member, Debtor's bankruptcy petition[10] ("Petition"), statement of financial affairs[11] ("SOFA"), Amended SOFA,[12] and Second Amended SOFA[13] (collectively, the "Statements"), and the schedules[14] ("Schedules").

---

[9] This was, of course, after the Petition Date.
[10] DE 1.
[11] DE 1.
[12] DE 42.
[13] DE 45.
[14] DE 1. The schedules were amended on April 9, 2020 ("Amended Schedules"), but Mrs. Holbrook did not sign as the Debtor's sole member because a signature page was not included. *See* DEs 43–45.

15. The Schedules failed to report all equipment owned by the Debtor as of the Petition Date.[15]

16. The following transfers were made prior to the Petition Date by Mrs. Holbrook from the Debtor's bank account (ending in numbers 6626) to BCB Excavating's bank accounts (ending in account numbers 0256 and 0155, respectively):

    A. $29,000 on April 17, 2019; and

    B. $5,000 on April 17, 2019.[16]

17. The following deposit was made prior to the Petition Date by Mrs. Holbrook to BCB Excavating's bank account (ending in account 0256):

    A check of $5,608.12 made payable to Debtor on October 5, 2019.[17]

18. The Statements reported the Debtor had $24,000 in gross revenues in 2019. The Holbrooks' 2019 federal tax return reflected $480,927.00 in gross receipts or sales for the Debtor for 2019.[18]

19. The Statements reported the Debtor had $0 in gross revenues for 2018. The Holbrooks' 2018 federal tax return reflected $430,542.00 in gross receipts or sales for the Debtor for 2018.

## II. JURISDICTION

This Court has jurisdiction over this bankruptcy proceeding pursuant to 28 U.S.C. §§ 157 and 1334.[19] Stanley did not consent to entry of final orders or judgments by this Court.[20] Stanley's non-consent is immaterial because the events upon which sanctions

---

[15] Only after the Trustee discovered the unreported equipment were the Schedules amended to reflect this additional equipment owned by Debtor. Compare DE 1, the Schedules, with DEs 43–45, the Amended Schedules.

[16] These transfers were not reported in the Schedules or Statements but were eventually reported in the Amended Schedules after they were discovered by the Trustee.

[17] This transfer was not reported in the Schedules or Statements but was eventually reported in the Amended Schedules after it were discovered by the Trustee.

[18] As an LLC, Debtor's revenues and expenses were passed through to its sole member, Mrs. Holbrook.

[19] *See also* DE 315, Order Denying Motion to Dismiss, which sets forth the basis of the Court's jurisdiction over the Debtor's bankruptcy proceeding.

[20] DE 149.

are being considered occurred in the course of Stanley's representation of the Debtor in matters central to the administration of this bankruptcy proceeding. This sanctions contested matter is a "core" proceeding.[21]

### III. ANALYSIS

The Trustee seeks sanctions against Stanley under Rule 9011 and § 105(a) for his bad faith conduct and for the express misrepresentations and material omissions in the Petition, Schedules, and Statements filed by him with the Court. Specifically, the Trustee seeks an award of $15,523.31 for attorney's fees and costs, as well as $50,000 as a deterrent measure.

#### A. Rule 9011

##### 1. *Authority*

Bankruptcy courts have the express authority to sanction under Rule 9011 if the court determines Rule 9011(b) has been violated.[22]

##### 2. *Due Process*

Procedurally, Rule 9011(c) requires "notice and a reasonable opportunity to respond." A court proposing to impose sanctions notifies the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed.[23]

The Sanctions Motion broadly cited Rule 9011 and § 105(a) as the disciplinary authority and provided a detailed account of Stanley's alleged misconduct in connection

---

[21] *In re Lehtinen*, 564 F.3d 1052, 1057 (9th Cir. 2009) ("Although Price argues that the proceeding is non-core, the acts and events upon which his suspension was predicated occurred in the course of his representation of debtor in matters central to the administration of her case. As such, the disciplinary hearing fits well within the ambit of a core proceeding.") (citing 28 U.S.C. § 157(b)(2)(A)).
[22] Rule 9011(c).
[23] *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004).

with the Petition, Schedules, and Statements. The Trustee specifically referenced Rule 9011(b)(3) as the provision Stanley violated in connection with his filing of the Schedules and Statements. Although the Trustee focused on the Petition's improper purpose with under § 105(a), the Court may also consider it under Rule 9011(b)(1). The notice requirements have been satisfied because the Sanctions Motion broadly cited the disciplinary authority as both Rule 9011 and § 105(a) and detailed Stanley's misconduct with respect to the Petition. Furthermore, Stanley twice responded to the Sanctions Motion.[24] The Court held an evidentiary hearing where Stanley testified and presented his defense. Rule 9011(c)'s procedural requirements have been satisfied.

### 3. *Rule 9011(b)(1) Analysis*

Rule 9011(b)(1) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation

In determining whether sanctions are warranted under Rule 9011(b), the Court "must consider both frivolousness *and* improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other."[25] In *Silberkraus*, the 9th Circuit held the debtor's bankruptcy petition was not well-ground in law and was frivolous because the bankruptcy could not have benefited the debtor.[26] The *Silberkraus* court also held the bankruptcy petition was filed

---

[24] DEs 149 and 170.
[25] *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 830 (9th Cir. 1994) (emphasis in original).
[26] *In re Silberkraus*, 336 F.3d 864, 871 (9th Cir. 2003).

in bad faith and for an improper purpose because the debtor filed the petition to subject a state court proceeding to an automatic stay and used the bankruptcy to alter the results that could have been achieved by continuing the state court action.[27]

The Trustee asserts that Stanley filed the Petition not for the purpose of appropriately addressing the Debtor's debts through the bankruptcy process but, rather, it was filed for the improper purpose of unnecessarily delaying the ultimate enforcement of two judgments and avoiding subpoenas entered in the State Court Action.[28]

In the State Court Action, Khoshbin served subpoenas *duces tecum* upon Mrs. Holbrook, Debtor, and BCB Excavating.[29] Stanley filed a Motion to Quash Subpoenas on behalf of Mrs. Holbrook, Debtor, and BCB Excavating which motion was denied by the State Court on December 2, 2019.[30] The following day, Stanley emailed Mrs. Holbrook stating:

> As you might have guessed, I'm asking because the state superior court judge ruled against us on the subpoenas.
>
> We could challenge his ruling by means of a special action (cost, $2 to 5K) and if we prevailed there Csontos would have to go back and pursue a more difficult path toward seeking information from you. Alternatively, we could just go ahead with putting BCB Contracting into Ch. 7 bankruptcy ($1,250 to start - and that should be about it *unless* Csontos/Khoshbin gets involved in the bankruptcy case and succeeds in getting the bankruptcy trustee to try to pursue you for money or property allegedly diverted from BCB Contracting).[31]

The next day, on December 4, 2019, Stanley stated in a follow-up email to Mrs. Holbrook: "We should file the bankruptcy by the end of next week to avoid the need to

---

[27] *Id.*
[28] DE 143, pg. 5; DE 157, pg. 4.
[29] Trial Exhibits 35–37.
[30] Trial Exhibit 8.
[31] Trial Exhibit 9.

comply with the subpoenas."[32] Mrs. Holbrook testified at the Evidentiary Hearing that Stanley advised her to file the Debtor's bankruptcy even though she did not want to.[33]

In *Marsch*, the 9th Circuit held a bankruptcy petition was filed for an improper purpose because it was filed solely to delay collection of the judgment and to avoid posting an appeal bond.[34] The court reasoned the petition had a "flimsy legal basis" and the debtor's actions were a transparent attempt to use the bankruptcy petition and the resulting stay as an inexpensive substitute for the bond required under state law.[35]

The emails and Mrs. Holbrook's testimony support this Court's finding that Stanley filed the Petition in bad faith and for the improper purpose of avoiding subpoenas in the State Court Action, delaying Khoshbin from collecting on his judgment, and acting as a substitute for appealing the State Court's order denying the Motion to Quash the Subpoenas and posting a bond for the appeal. Moreover, Stanley failed to make a reasonable inquiry as to the information in the Schedules and Statements (outlined in Subsection 5 below). Taken together, these facts support the Court finding Stanley's filing of the Petition, Schedules, and Statements were frivolous.[36]

### 4. *Rule 9011 Safe Harbor*

Rule 9011(c)(1)(A) states:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except

---

[32] Trial Exhibit 9.
[33] DE 321, pg. 92, lines 3–5 and lines 8–11: "Q: Did Mr. Stanley advise you to have BCB Contracting Services file for bankruptcy? A: Yes. … Q: Did you want BCB Contracting Services to file for bankruptcy? A: Before we did it, no, because I was a sole member and I did not want it to affect my credit."
[34] *Marsch v. Marsch*, 36 F.3d at 831.
[35] *Id.*
[36] *See Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir. 1990), *opinion amended and superseded on other grounds,* 929 F.2d 1358 (9th Cir. 1990) (a finding that no reasonable inquiry was made by counsel is tantamount to a finding that counsel acted frivolously).

Case 2:19-bk-15555-DPC    Doc 344    Filed 09/17/21    Entered 09/17/21 14:07:51    Desc
Main Document    Page 8 of 18

> that this limitation shall not apply if the conduct alleged is
> the filing of a petition in violation of subdivision (b).

The procedural requirements of Rule 9011(c)(1)(A)'s "safe harbor" are mandatory and noncompliance precludes an award of sanctions.[37] The Rule 9011(c)(1)(A) safe harbor rule does not apply to the filing of an initial bankruptcy petition.[38]

The Trustee acknowledges the Sanctions Motion was not served on Stanley prior to filing it with the Court.[39] The Trustee argues the Rule 9011(c) safe harbor provision does not apply to conduct in connection with the filing of Debtor's Petition. While this contention is correct, the Trustee fails to recognize the Sanctions Motion also points to Stanley's misconduct in connection with the Schedules and Statements, not just the Petition.[40] The Trustee did provide Stanley a warning that sanctions would be sought under Rule 9011.[41] This warning, however, was given only 9 days before the Sanctions Motion was filed.[42] Furthermore, warnings alone do not satisfy the safe harbor requirement.[43]

The purpose of the Rule 9011(c) safe harbor is "[t]o give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*."[44] When the Sanctions Motion was filed, Mrs. Holbrook was no longer a member of Debtor and Stanley was no longer

---

[37] *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998).
[38] *In re Silberkraus*, 336 F.3d 864, 868 (9th Cir. 2003).
[39] DE 143, fn.9.
[40] Even though the Statements and Schedules were filed with the Petition at DE 1, these documents are treated separately for purposes of the safe harbor provision. The safe harbor provision is designed to allow a party to withdraw or correct its actions allegedly in violation of Rule 9011(b). Since a bankruptcy petition cannot be withdrawn and the only available remedy is a court order allowing dismissal, the bankruptcy petition is excepted from the safe harbor provision. FED. R. BANKR. P. 9011 advisory committee's notes to 1997 amendment.
[41] DE 142, pg. 2, lines 1–6.
[42] DE 142 was filed on August 12, 2020 and the Sanctions Motion was filed on August 21, 2020.
[43] The 9th Circuit concluded in *Barber v. Miller* that, although a defendant had given informal warnings to the plaintiffs threatening to seek Rule 9011 sanctions, these warnings did not satisfy the strict safe harbor requirement because "[i]t is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." 146 F.3d 707, 710 (9th Cir. 1998).
[44] *Barber v. Miller*, 146 F.3d at 710 (emphasis in original).

counsel for Debtor.[45] Compliance with the safe harbor provision could be argued as an exercise in futility because neither Stanley nor Mrs. Holbrook had authority to correct the alleged violations. This, however, is inconsistent with 9th Circuit case law.

In *Barber v. Miller*, a defendant sought Rule 11 sanctions against the plaintiff in connection with plaintiff's complaint but failed to serve the sanctions motion 21 days prior to filing the sanctions motion with the court.[46] The district court stated that observance of the safe harbor provision would have been futile because the offending complaint had already been dismissed.[47] The 9th Circuit disagreed and reversed the imposition of sanctions and held the safe harbor provision must be strictly enforced.[48]

Similarly, in *Rainbow Const. Co.*, the defendant filed a FRCP 11 motion in response to the plaintiff's first amended complaint but failed to comply with the safe harbor provision.[49] Three months passed between the filing of the FRCP 11 motion and the court's order imposing sanctions. During that period, the plaintiffs and their attorneys had been given adequate notice and opportunity to withdraw the challenged allegation but failed to do so.[50] The district court ruled the safe harbor provision had been satisfied notwithstanding the lack of advance service on the plaintiffs.[51] The 9th Circuit, relying on its decision in *Barber v. Miller*, held the procedural requirements of the safe harbor provision are mandatory and noncompliance precluded an award of sanctions.[52]

---

[45] DE 81, Motion to Withdraw as Attorney for Debtor; DE 94, Order Granting Motion to Withdraw as Attorney for Debtor (entered on June 3, 2020).
[46] *Barber v. Miller*, 146 F.3d at 710.
[47] *Id.*
[48] *Id.* at 710–11. In its decision, the 9th Circuit also addressed the question of "whether the district court's retention of jurisdiction in this case after judgment, for purposes of sanctions motions, could be the equivalent of an election by the court to impose sanctions on its own motion" and concluded that it is not the equivalent. *Id.* at 711. The safe harbor provision is not applicable to court-initiated sanctions under Rule 9011 and courts must apply a higher standard "akin to contempt" before imposing *sua sponte* sanctions. *Id.* See also *In re Nakhuda*, 544 B.R. 886, 899 (B.A.P. 9th Cir. 2016), *aff'd,* 703 F. App'x 621 (9th Cir. 2017).
[49] *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d at 789.
[50] *Id.*
[51] *Id.*
[52] *Id.*

Because the Trustee did not serve the Sanctions Motion on Stanley 21 days prior to filing it with the Court, sanctions are precluded with respect to Stanley's violation of Rule 9011(b)(3) in connection with his filing of the Schedules and Statements. However, because the safe harbor provision does not apply to the Petition filed by Stanley, sanctions may be awarded against Stanley for filing a frivolous Petition in bad faith and for an improper purpose in violation of Rule 9011(b)(1).[53]

### 5. *Rule 9011(b)(3) Analysis*

Rule 9011(b)(3) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery

In addressing sanctions under Rule 9011, the court must measure the attorney's conduct "objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court."[54] "[FRCP] 11, for example, imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."[55]

Stanley contends his Rule 9011(b) obligations were satisfied when he asked the Holbrooks if they correctly filled out the Petition, Schedules, and Statements and when they signed the papers under the penalty of perjury. The Trustee's Post-Trial Brief notes

---

[53] Even though the Court considers post-petition filings in finding the Petition was frivolous and filed for an improper purpose, the safe harbor provision is not required because "[c]ourts may infer the purpose of a filing from the consequences of a pleading or motion." *In re Silberkraus*, 336 F.3d 864, 868 (9th Cir. 2003) (quoting *In re Start the Engines, Inc.,* 219 B.R. 264, 270 (Bankr. C.D. Cal. 1998)).
[54] *Valley Nat'l Bank of Ariz. v. Needler (In re Grantham Bros.)*, 922 F.2d 1438, 1441 (9th Cir. 1991).
[55] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S. Ct. 2123, 2134 (1991).

a "Declaration Under Penalty of Perjury of Non-Individual Debtors,"[56] which states under oath that the schedules filed are true and correct, was never filed and undercuts Stanley's contention that his inquiry was complete upon a sworn statement of Mrs. Holbrook.[57]

Along with the Petition and Schedules, Stanley signed and filed a Disclosure of Compensation indicating he had agreed to analyze the Debtor's financial situation and render advice on whether to file a bankruptcy petition.[58] By Stanley's own admission, he did not analyze or review any documentation concerning the Debtor's financial situation.[59] If Stanley had simply examined the Debtor's or the Holbrooks' tax returns, bank statements, or UCC filings with the Arizona Secretary of State, he would have discovered misrepresentations in the Schedules and Statements.

An attorney may not delegate his duty to validate the truth and legal reasonableness of papers filed with the court.[60] The Court in *Giebelhaus v. Spindrift Yachts* noted:

> The signing attorney cannot leave it to [another] to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that *he personally applied his own judgment*.... [T]he text [of Rule 9011] establishes a duty that cannot be delegated.

By Stanley's own admission, he failed to personally review any facts or documents to verify the information given to him by the Holbrooks. The Court need not list all of the due diligence Stanley needed to conduct to satisfy his Rule 9011 obligation. Suffice to say that it was insufficient for Stanley to rely solely on Debtor's verified signature and

---

[56] United State Courts, *Official Form 202: Declaration Under Penalty of Perjury for Non-Individual Debtors* (Sept. 16, 2021, 4:20 PM), https://www.uscourts.gov/file/18698/download.
[57] DE 317, pg. 7, lines 6–9.
[58] DE 1, pg. 36.
[59] Stanley contends that requiring a lawyer to obtain and examine documentation that would tend to prove or disprove the factual accuracy of his client's sworn statements would "impose an impossible burden on lawyers advising clients who are contemplating bankruptcy." DE 318, pg. 12, lines 8-9.
[60] *Giebelhaus v. Spindrift Yachts*, 938 F.2d 962, 965 (9th Cir. 1991).

an oral comment affirming the veracity of the Debtor's Schedules and Statements. Stanley failed to satisfy his Rule 9011(b)(1) obligations.[61]

Stanley failed to undertake an objectively reasonable inquiry into the facts supporting the filing of the Petition, Schedules, and Statements, relying instead solely on information the Holbrooks told him.[62]

### 6. *Imposition of Sanctions*

If the court determines Rule 9011(b) has been violated, the court may impose appropriate sanctions upon the attorney that is responsible for the violation.[63] Bankruptcy courts have considerable discretion in determining the amount of the sanctions award.[64] Rule 9011(c)(2) provides that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Sanctions may consist of a directive of a nonmonetary nature, a penalty paid into court, or, if imposed on motion and warranted for effective deterrence, payment to the movant of all or some of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.[65] A court may not impose a deterrence penalty that is a "serious penalty" in the nature of criminal contempt.[66] The Court may only award an amount necessary to deter the misconduct.[67]

The Trustee seeks an award of $15,523.31 for attorney's fees and costs incurred in this case and in investigating the misrepresentations in the Debtor's Petition,

---

[61] *See In re Blue Pine Group, Inc.*, 457 B.R. 64 (B.A.P. 9th Cir. 2011).
[62] *In re Blue Pine Group, Inc.*, 457 B.R. 64 (B.A.P. 9th Cir. 2011) (the court found the attorney failed to undertake an objectively reasonable inquiry into the facts and law supporting the bankruptcy petition by instead relying on information others told him. The court further found this conduct fell short of the standard set by Rule 9011).
[63] Rule 9011(c).
[64] *In re DeVille*, 361 F.3d 539, 553 (9th Cir. 2004) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). Fed. R. Bankr. P. 9011 advisory committee notes to the 1997 amendment directs us to Fed. R. Civ. P 11 advisory committee notes to 1993 amendment.
[65] Rule 9011(c)(2).
[66] *In re Fjeldsted*, 293 B.R. 12, 28 (B.A.P. 9th Cir. 2003). Rule 9011 deterrence penalties that are not "serious penalties" do not require a criminal contempt proceeding. *In re DeVille*, 361 F.3d 539, 551–53 (9th Cir. 2004).
[67] *In re Fjeldsted*, 293 B.R. at 28.

Schedules, and Statements. Because these fees and expenses were incurred as a direct result of Stanley's violation of Rule 9011(b)(1) and are warranted for effective deterrence of future misconduct, sanctions in the amount of $15,523.31 will be imposed against Stanley.

The Trustee also seeks an award of $50,000 against Stanley as a deterrent measure. The Court will not, however, impose sanctions in the amount of $50,000 as requested by the Trustee. A sanction of $50,000 is more severe than reasonably necessary to deter repetition of Stanley's offending conduct.[68] Under the circumstances of this case, a sanction of $50,000 would be in the nature of a serious penalty tantamount to criminal contempt because it would be punitive in nature.[69] Such a sanction would not be remedial, nor would it compensate the Trustee or this Bankruptcy Estate for damages sustained. This Court is of the opinion (and hope) that the compensatory attorney's fees awarded herein will itself stand as a sufficient deterrent to prevent Stanley from repeating such misconduct.

### B.  § 105(a)

In addition to seeking Rule 9011 sanctions, the Trustee seeks to have Stanley sanctioned under § 105(a).

#### 1.  *Authority*

Federal courts' have inherent authority to sanction for bad faith conduct.[70] This

---

[68] FED. R. CIV. P. 11 advisory committee's note to 1993 amendment ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons.").

[69] "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.'" *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28, 114 S. Ct. 2552, 2557 (1994) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S. Ct. 492, 498 (1911)). A flat, unconditional fine totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance. *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 588, 67 S. Ct. 918, 920 (1947).

[70] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991).

authority includes bankruptcy courts.[71] § 105(a) provides a bankruptcy court with broad authority to "exercise its equitable powers - where 'necessary' or 'appropriate' - to facilitate the implementation of other Bankruptcy Code provisions."[72] This gives bankruptcy courts the "inherent power to sanction abusive litigation practices."[73] However, § 105(a) does not "allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code" or to "contravene specific statutory provisions."[74]

### 2. *Due Process*

Due process considerations require that any party or attorney whose conduct is in question be given notice of the alleged violation and an opportunity to respond or be heard before any sanction is imposed.[75] Ordinarily a court proposing to impose sanctions notifies the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed.[76] Specifically, when using the inherent power to sanction, due process is accorded as long as the target is "provided with sufficient, advance notice of exactly which conduct was alleged to be sanctionable, and [was] furthermore aware that [he] stood accused of having acted in bad faith."[77]

Notice was satisfied through the Sanctions Motion and subsequent proceedings on the Sanctions Motion. The Sanctions Motion identified § 105(a) as the specific authority under which sanctions were to be considered, it outlined the misconduct that was thought to be sanctionable, and it accused Stanley as having acted in bad faith. Additionally, Stanley was afforded an opportunity to respond. Stanley twice responded to the

---

[71] *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009).
[72] *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 1194 (2014).
[73] *Id.*
[74] *Id.* See also *In re Rainbow Mag., Inc.*, 77 F.3d 278, 283 (9th Cir. 1996).
[75] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 2136 (1991). *See also Non v. Comcast, Inc.*, 697 F. App'x 920, 921 (9th Cir. 2017).
[76] *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004).
[77] *Id.* at 549.

Sanctions Motion and appeared and testified on his own behalf at the Evidentiary Hearing.[78]

### 3. § 105(a) Analysis

A bankruptcy court is allowed to exercise its inherent power under § 105(a) to sanction when a party has acted in bad faith.[79] Counsel's goal to gain an advantage in another case is sufficient to support a finding of bad faith and improper purpose.[80] Additionally, sanctions are permissible for an attorney's reckless misstatements of law and fact when coupled with something more, such as an improper purpose.[81] A court may sanction a party who has engaged in bad faith behavior over the course of a case.[82]

Stanley acted in bad faith by initiating this chapter 7 proceeding for the improper purpose of gaining a tactical advantage against Khoshbin in the State Court Action and through his reckless misstatements of fact in the Schedules and Statements.

### 4. Imposition of Sanctions

§ 105(a) does not "allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code" or to "contravene specific statutory provisions."[83] Because the Court finds Stanley violated Rule 9011, the Court will not impose additional sanctions under § 105(a) against Stanley for his bad faith conduct. However, if an

---

[78] DEs 149 and 170.
[79] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 2133 (1991); *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 1194 (2014).
[80] *In re Itel Securities Litigation*, 791 F.2d 672, 675 (9th Cir. 1986).
[81] *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).
[82] *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017) (the Supreme Court upheld the Arizona District Court's finding that Goodyear engaged in a "years-long course" of bad-faith behavior and sanctions were thus appropriate).
[83] *Id. See also In re Rainbow Mag., Inc.*, 77 F.3d 278, 283 (9th Cir. 1996) ("In *Chambers* [*v. NASCO, Inc.*], the Supreme Court held that federal district courts possess the inherent power to sanction bad-faith conduct in litigation when that conduct falls outside the scope of Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927.").

Appellate Court finds Rule 9011 was not applicable, this Court would find Stanley's actions to be sanctionable under § 105(a) and would require his payment of $15,523.31.

## IV. CONCLUSION

The Court finds Stanley violated Rule 9011(b)(1) and Rule 9011(b)(3) by acting frivolously and filing the Petition for the improper purpose of subjecting the State Court Action to the automatic stay, avoiding compliance with the subpoenas, and delaying the collection by the judgment creditors. However, as to further pleadings filed, the Court finds that while Stanley violated Rule 9011(b)(3), he was not given the full 21-day safe harbor cure period. The Court, therefore, will not sanction Stanley's conduct under Rule 9011(b)(3) for failing to undertake an objectively reasonable inquiry into the facts supporting the Schedules and Statements and instead relying on the information provided by the Holbrooks. Pursuant to Rule 9011(c), sanctions will be imposed against Stanley for his violation of Rule 9011(b)(1). The Court further finds sanctions are appropriate under § 105(a) because Stanley's conduct throughout this proceeding was done in bad faith. The sanctions under § 105(a) are not for amounts over and above the Rule 9011 sanction amounts. An award of the Trustee's attorneys' fees and costs in the amount of $15,523.31 is an appropriate deterrent of a repetition of Stanley's misconduct.

**DATED AND SIGNED ABOVE**

**To be Noticed through the BNC to:**

Keith M. Knowlton
Keith M. Knowlton, L.L.C.
9920 S. Rural Road, Suite 108
PMB#117
Tempe, AZ 85284
Counsel for the Holbrooks and BCB Excavating Services LLC

Brian K. Stanley
Law Office of Brian K. Stanley, PLLC
1938 E. Osborn Rd.
Phoenix, AZ 85016

Office of the United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

Ryan W. Anderson
Guttilla Murphy Anderson
5415 E. High St., Suite 200
Phoenix, AZ 85054

Anthony H. Mason
PO Box 22057
Phoenix, AZ 85028-0057

David L. Sandweiss
State Bar of Arizona
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266